UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE BUTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:25 CV 1586 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Petitioner George Butler's amended motion to vacate, set aside, or correct a sentence by a person in federal custody under 28 U.S.C. § 2255. In his motion Butler asserts that his court appointed counsel was constitutionally ineffective for failing to assert that Butler's 6th Amendment right to counsel was violated when "no legal counsel was available, to give consent to Magistrate Judge, Shirley P. Mensah" on the day he was indicted in his criminal case. For the reasons below, I find that Butler's claim is without merit. As a result, his motion will be denied.

***Background***

On October 25, 2023, the St. Louis Missouri Metropolitan Police attempted to stop a Jeep Grand Cherokee being driven by Butler. After a high-speed chase Butler was detained. Police discovered methamphetamine in

Butler's jacket pocket and in a black box in the vehicle. Police also recovered an AM-15 .300 Blackout caliber semi-automatic rifle and a Smith and Wesson .38 Special revolver in the vehicle. Butler had previously been convicted of crimes punishable by imprisonment exceeding one year. Butler was arrested and held in the St. Louis City Justice Center on state charges.

On December 6, 2023, an indictment was returned in the United States District Court for the Eastern District of Missouri charging Butler with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) (Count1); possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) (Count II); and possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1) (Count Three). That criminal case is United States v. Butler, 4:23CR674 RWS. United States Magistrate Judge Stephen R. Welby received the returned indictment and the case was assigned to United States Magistrate Judge Shirley Padmore Mensah for all pretrial proceedings. Judge Welby also signed an Application for Writ of Habeas Corpus ad Prosequendum to have Butler transferred from the St. Louis City Justice Center to this Court for his initial appearance.

On December 7, 2023, an arrest warrant was issued for Butler. On December 13, 2023, Butler was arrested and brought to this Court for his initial

appearance. An Assistant Federal Public Defender represented Butler beginning at his initial appearance. On August 14, 2024, Butler entered a guilty plea to Counts I and II. On November 14, 2026, Butler was sentenced to 72 months of imprisonment.

On December 11, 2025, Butler filed the present amended motion to vacate, set aside, or correct a sentence by a person in federal custody under 28 U.S.C. § 2255.

***Legal Standard***

A motion pursuant to 28 U.S.C. § 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Davis v. United States 417 U.S. 333, 343 (1974). Under § 2255, "a defendant in federal custody may seek post-conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Watson v. United States, 493 F.3d 960, 963 (8th Cir 2007). "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001). One exception arises when there is a "miscarriage of justice,"

but the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence, and the Supreme Court has not extended the exception to situations beyond involving a petitioner's actual innocence." Id. (citations omitted). "[T]he Court has emphasized the narrowness of the exception and has expressed its desire that it remain rare and available only in the extraordinary case." Id. (citations omitted). Section 2255 ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S.614, 622 (1998) (citations omitted).

***Discussion***

Butler asserts in his motion that:

> [N]o legal counsel was available; to give consent, to Magistrate Judge, Shirley P. Mensah, from District Judge, Stephen R. Welby,[1] at the

[1] Butler identified Judge Welby as a District Judge. Judge Welby is a Magistrate Judge in this Court.

> return of the indictment of the case number; 4:23CR0675 RWS, which violates the 28 USC 636 Rules.

ECF # 3 at 4. Stated another way, Butler claims his Sixth Amendment right to counsel was violated because he did not have counsel present in court on the date his indictment was returned to consent to the appointment of Judge Mensah to preside over pretrial proceedings.

Butler's claim is without merit. The return of an indictment is an ex parte act of the grand jury presenting a true bill to a judge in open court. A defendant does not have a right to be present at the return of an indictment and the "right to counsel does not attach when an individual is summoned to appear before a grand jury, even if he is the subject of the investigation." United States v. Williams, 504 U.S. 36, 49 (1992). "[A] criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel." Rothgery v. Gillespie Cnty., Tex., 554 U.S. 191, 213 (2008).

Butler was not entitled to have counsel present when his indictment was returned and his case was referred to Judge Mensah for all pretrial proceedings. Butler asserts that his right to counsel was violated because his counsel was not

present, at the return of the indictment, to consent (or not consent) to Judge Mensah's assignment as the presiding magistrate judge in his criminal case. Butler asserts this lack of consent violated 28 U.S.C. § 636. That is not correct.

Although 28 U.S.C. § 636(c) requires consent of the parties for a magistrate judge to preside over a **civil** case, no consent of the parties is required for a magistrate judge to preside over pretrial proceedings in a **criminal** case. Section 636(b)(1)(A) specifically authorizes a district judge to designate a magistrate judge to "hear and determine any pretrial matter pending before with court," except for specifically enumerated dispositive motions that are not at issue here. This Court has specifically authorized the assignment of a magistrate judge to make a ruling or a recommendation on all pretrial motions in criminal proceedings. See E.D.Mo. Local Rule 2.08. Judge Mensah's assignment to Butler's case was authorized by statute and by local rule and consent by Butler was not required. As a result, Butler did not receive ineffective assistance of counsel for failing to assert that he did not have counsel present at the return of the indictment to consent (or not consent) to the designation of Judge Mensah to preside over pretrial motions.

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner George Butler's amended motion to vacate [3] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of November, 2026.